UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAFAEL TORRES-MORENO, | NO. C13-1494-RSM-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

I.   INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Rafael Torres-Moreno, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his mandatory detention under 8 U.S.C. § 1226(c), and seeking an individualized bond hearing under 8 U.S.C. § 1226(a). Dkt. No. 3. Shortly after the petition was filed, petitioner received a bond hearing before an immigration judge and was granted release under bond of $4000. Dkt. No. 8, Exh. C. Petitioner posted bond and was released from immigration custody on October 1, 2013. Dkt. No. 8, Exh. D. Respondent has filed a response to the habeas petition, suggesting that the petition is now moot and should be dismissed. Dkt. No. 8.

For the reasons set forth below, I recommend that the habeas petition be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

## II. DISCUSSION

Petitioner's habeas petition challenges his immigration detention and seeks an order directing respondent to provide him with a bond hearing. Petitioner, however, was released from immigration detention on October 1, 2013, under bond of $4,000.

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Because petitioner has been released from immigration custody, there is no remedy the Court can provide, nor are there any collateral consequences. *See id.* ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."). Thus, petitioner's request for a bond hearing should be dismissed as moot. *See id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).

REPORT AND RECOMMENDATION - 2

III.     CONCLUSION

For the foregoing reasons, I recommend that the petition for writ of habeas corpus be DISMISSED with prejudice.

DATED this 22nd day of October, 2013.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3